## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**WILLIAM STARKS,**

     Plaintiff,

v.                                          Civil Action No. **3:08CV710**

**DR. ABBASI,**

     Defendant.

### MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this civil action. Defendant has filed a motion to dismiss, to which Plaintiff has responded. This matter is ripe for decision.

### I. MOTION TO DISMISS STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is suing Defendant Abbasi, a doctor at the Riverside Regional Jail ("RRJ"). In March of 2008, Plaintiff injured his right thumb while coming down from the top bunk of a bunk bed. Soon thereafter, his "entire right hand became swollen to the point it was [beyond] recognition." (Compl. 4). Plaintiff's requests for medical treatment were denied several times. On April 8, 2008, Defendant examined Plaintiff. Defendant explained that, because Plaintiff could move his thumb, it could not be broken. Defendant prescribed antibiotics and Tylenol. Plaintiff returned to the RRJ clinic three more times for treatment of his thumb. Each time, Defendant prescribed more antibiotics and refused Plaintiff's requests for x-rays of his thumb. The pain and swelling in Plaintiff's thumb did not subside.

Plaintiff confronted RRJ nurses regarding the lack of effective treatment. The nurses explained that Defendant would disregard requests that were not medical emergencies. Plaintiff then asked a family member to make a complaint to the medical department. Defendant subsequently referred Plaintiff for an orthopedic consultation on July 18, 2008. On August 6, 2008, the orthopedist informed Plaintiff that his thumb had been broken in two places and healed incorrectly. The orthopedist also opined that Plaintiff's thumb would be almost impossible to repair.

Plaintiff brings the following claim:

Claim 1      Defendant violated Plaintiff's Eighth Amendment[1] right to adequate medical treatment.

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

### III. THE MOTION TO DISMISS

Defendant has filed a motion to dismiss on the grounds that Plaintiff has not shown that Dr. Abbasi was deliberately indifferent to his condition. Defendant also asserts the defense of qualified immunity.

### A.     Eighth Amendment

An inmate's Eighth Amendment rights are violated when he is subjected to an unnecessary and wanton infliction of pain, *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "contrary to contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) *(citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A two-part test is used to determine whether prison conditions present a constitutional violation. The plaintiff must show: "'(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) *(quoting Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). The first showing requires the court to determine whether the deprivation of a basic human need was "*objectively* 'sufficiently serious,'" while the second requires it to determine whether the officials *subjectively* acted with a "'sufficiently culpable state of mind.'" *Id. (quoting Wilson*, 501 U.S. at 298). Defendant does not argue that Plaintiff has failed to allege an objectively sufficiently serious injury.

"Deliberate indifference is a very high standard-a showing of mere negligence will not meet it." *Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999) *(citing Estelle*, 429 U.S. 97, 105-06). Generally, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) *(citing Gittlemacker v. Prasse,* 428 F.2d 1, 6 (3d Cir. 1970)). The mere

4

fact that some level of treatment was rendered, however, does not preclude a finding that an official acted with deliberate indifference. *See Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989) ("When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.") (*citing Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985); *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978)); *Estelle*, 429 U.S. at 104 n.10 (*quoting Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974) for the proposition that a "doctor's choosing the 'easier and less efficacious treatment' of throwing away the prisoner's ear and stitching the stump may be attributable to 'deliberate indifference . . . rather than an exercise of professional judgment'" ) (alteration in original); *cf. Mabry v. Freeman*, No. 2:06-cv-12076, 2007 WL 2332392, at *7 (E.D. Mich. Aug. 15, 2007) (finding no deliberate indifference where, unlike defendants in cases relied upon by the plaintiff, defendant did not "thoughtlessly continue with the same treatment under circumstances where Plaintiff's condition continued to deteriorate" but instead "attempted to adapt his treatment to Plaintiff's needs"). A plaintiff may also prove deliberate indifference by introducing evidence that a defendant recklessly refused or delayed in providing a plaintiff with access to medical professionals with sufficient expertise to evaluate and treat a particular condition. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1277-79 (10th Cir. 2001) (concluding prison doctor's obviously ineffectual efforts to attach Plaintiff's severed finger could support an inference of deliberate indifference).

In this case, Plaintiff alleges that Defendant persisted in an ineffective course of treatment for more than three months, steadfastly maintaining that Plaintiff's thumb was not broken and refusing to order an x-ray despite Plaintiff's severely swollen thumb and continuing complaints

of pain. If proven, these allegations could lead a rational trier of fact to conclude that Defendants knew of and disregarded the risk of harm presented by Plaintiff's injury. Plaintiff's allegations are more appropriately tested by a motion for summary judgment. Defendant's request for judgment on the grounds that Plaintiff failed to allege deliberate indifference will be DENIED.

**B.     Qualified Immunity**

Defendant also asserts entitlement to qualified immunity. If Defendant wishes the Court to further evaluate his defense of qualified immunity he must do more than mention its existence and demand dismissal of the suit. He must: (1) identify the specific right allegedly violated; (2) brief, with full pinpoint citation to authority, whether the right was so clearly established as to put a reasonable official on notice of his legal obligations; and (3) describe to the Court the factual scenario supporting the assertion that a reasonable official in Defendant's situation would have believed his conduct was lawful. *See Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990). Defendant's request for judgment on the grounds of qualified immunity will be DENIED.[2]

Defendant's motion to dismiss will be DENIED. Any further dispositive motions must be filed within thirty (30) days.

It is so ORDERED.

|  /s/  |
| --- |
| James R. Spencer |
| Chief United States District Judge |

Date: 9-15-09
Richmond, Virginia

---

[2] Defendant's cursory claim that he is absolutely immune to suit in his official capacity is also without merit. *See Kitchen v. Upshaw*, 286 F.3d 179, 183-185 (4th Cir. 2002) (holding clearly that RRJ employees may be sued in their official capacities).